101 F.3d 109
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Joseph COLASANTO, d/b/a Allied Home Inspections and Michael
A. Delugan, Plaintiffs-Appellants,
v.
UNITED STATES of America and Henry Cisneros, Secretary,
Housing and Urban Development, Defendants-Appellees.
 No. 94-6310.
 United States Court of Appeals, Second Circuit.
 March 26, 1996.
 
 APPEARING FOR APPELLANTS: Arthur D. Machado, Windsor, Connecticut.
 APPEARING FOR APPELLEES: Carl J. Schuman, Assistant United States Attorney for the District of Connecticut, Hartford, Connecticut.
 D.Conn.
 AFFIRMED.
 Before FEINBERG, CARDAMONE and MAHONEY, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 1. Plaintiffs-appellants Joseph Colasanto, d/b/a Allied Home Inspections and Michael A. Delugan appeal from a judgment entered November 2, 1994 that granted summary judgment in favor of defendants-appellees United States of America and Henry Cisneros, Secretary of Housing and Urban Development. See Colasanto v. United States, No. 3:94CV555(AVC), slip op. (D.Conn. Oct. 31, 1994). Colasanto and Delugan initiated this action in order to enjoin the Department of Housing and Urban Development ("HUD") from enforcing a regulation requiring housing inspectors performing inspections for termites and other woodboring insects in Connecticut homes purchased with the assistance of mortgages insured by the Federal Housing Administration to have a certification of "S" (supervisor), rather than "O" (operator), under pertinent Connecticut law. Colasanto and Delugan argue that the policy violates the Due Process and Equal Protection Clauses of the United States Constitution, as well as a provision in a HUD handbook.
 
 
 4
 2. We affirm substantially for the reasons stated by the district court. See id. at 5-11.